IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REX HAMMILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 08-1476 |
| | ) |
| COMMUNICATIONS WORKERS OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed by Defendant Communications Workers of America ("CWA") at Docket No. 8. For the reasons discussed below, Defendant's Motion is granted in its entirety.

## I. INTRODUCTION

### A. Factual Background[1]

In May 1983, Plaintiff began working for U.S. Airways, Inc. ("US Airways.") The airline company and the Communications Workers of America entered into a collective bargaining agreement ("the agreement"), effective December 13, 1999, which applied to employees such as Mr. Hammill. Two matters addressed by the agreement were the recall rights of employees who were furloughed or displaced from the location where they worked and the rights

---

[1] The facts in this section are based solely on the Complaint.

established by seniority. (Complaint, ¶¶ 8 and 12.) The agreement between US Airways and the CWA was renewed, apparently with the same terms, as of January 26, 2005.

Mr. Hammill was furloughed and displaced from a full time customer service position on November 15, 2004. He returned to work in a category referred to as an "early out ("EO") position" on June 27, 2005, and subsequently moved to a regular part-time position on August 29, 2005. According to Mr. Hammill, the collective bargaining agreement was violated by this second transfer because the agreement provided that, based on his seniority rights, he should have been recalled to a full-time EO position at a non-EO pay rate in November 2005.

Plaintiff filed a grievance against US Airways through his representative, the CWA. US Airways denied the grievance on the grounds that Plaintiff was not a "displaced employee" as that term was defined in a Letter of Agreement the airline had entered into with the CWA at some unspecified date.[2] According to US Airways, "displacement" meant an involuntary assignment from a full-time to a part-time position and Mr. Hammill had voided his status as a "displaced employee" by accepting the furlough in November 2004 in lieu of accepting part-time employment.

Mr. Hammill attempted to appeal this decision by US Airways

---

[2] According to CWA, the Letter of Agreement was signed on September 12, 2005. (Def.'s Brief at 2.)

through several levels of union officers and eventually to the CWA Executive Board which denied his appeal on April 16, 2008.

B. Procedural Background

Having exhausted all his administrative appeals, Plaintiff filed suit in this Court on October 15, 2008, alleging that US Airways had breached the collective bargaining agreement and Section 301(a) of the Labor Management Relations Act ("LMRA") by refusing to recall him to a full-time EO position at a non-EO pay rate. (Complaint, ¶¶ 27-28.) Plaintiff also alleged that as his collective bargaining representative, the CWA had a duty to pursue his grievance through the entire process provided by the agreement; its refusal to do so was a breach of its duty of fair representation and a violation of Section 301(a) of the LMRA. (Id., ¶¶ 31-32.) Finally, Mr. Hammill alleged that by negotiating and entering into the Letter of Agreement, CWA "exceeded its authority under the collective bargaining agreement." (Id., ¶ 33.)

On December 29, 2008, US Airways filed a motion to dismiss the complaint, arguing that this Court lacked jurisdiction over it pursuant to the National Labor Relations Act and the LMRA. (*See* Doc. No. 11.) Plaintiff did not oppose this motion and on January 16, 2009, agreed to dismiss without prejudice US Airways as a defendant in this matter. (*See* Docket No. 16.)

On December 29, 2008, CWA also filed the now-pending motion to dismiss to which Plaintiff has responded.

3

## II. JURISDICTION AND VENUE

According to Plaintiff, this Court has personal jurisdiction over Defendant CWA, a point which Defendant does not dispute. The question of whether the Court has subject matter jurisdiction is the threshold issue raised in Defendant's motion to dismiss. If the Court does have jurisdiction, venue is appropriate in this District inasmuch as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein. 28 U.S.C. § 1391(a)(2).

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal based on the court's lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000), *citing* Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). Unlike the standard applied under Fed.R.Civ.P. 12(b)(6), Rule 12(b)(1) does not require the court to accept the plaintiff's allegations as true and the existence of disputed material facts does not preclude the court from considering the merits of the claims pertaining to jurisdiction. Carpet Group Int'l, id.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true all factual

allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff." Haspel v. State Farm Mut. Auto. Ins. Co., No. 06-3716, 2007 U.S. App. LEXIS 17074, *4 (3d Cir. July 16, 2007), *citing* Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). Under the standard established in Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1969 (2007), a complaint will survive the motion to dismiss if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." (Emphasis in original.) (*Compare* Conley v. Gibson, 355 U.S. 41, 45-46 (1957), establishing that a motion to dismiss will be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

## IV. ANALYSIS

### A. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

CWA argues that this Court is without jurisdiction to hear the claims raised by Mr. Hammill. Plaintiff has alleged that this Court has jurisdiction pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a),[3] and that the actions of CWA violated that Act.

---

[3] In relevant part, 29 U.S.C. § 185(a) provides: "(a) Venue, amount, and citizenship. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act,. . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

5

Defendant argues that as an employee of US Airways, an air carrier, Mr. Hammill's case is instead governed by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.* (Defendant's Brief in Support of Motion to Dismiss, Doc. No. 9, "Def.'s Brief," at 3-4, *citing* Espinosa v. Continental Airlines, 80 F. Supp.2d 297, 302 (D. N.J. 2000) ("The RLA is applicable to the airline industry. 45 U.S.C. § 181-88.")) Because the LMRA expressly excludes entities covered by the RLA from the scope of those cases which the LMRA governs, Plaintiff's claims should be dismissed with prejudice inasmuch as they are premised solely upon provisions of the LMRA which do not apply to Mr. Hammill, US Airways, or the CWA. (Def.'s Brief at 5.)

Plaintiff's response to this argument can generously be described as "perfunctory." He cites to Conley, *supra*, apparently for the proposition that a suit by employees against a bargaining agent to enforce the employees' statutory right not to be unfairly discriminated against is governed by the LMRA, and argues that pursuant to the holding of that case, this Court has subject matter jurisdiction over his claims against the CWA. (Plaintiff's Brief in Opposition to the Motion to Dismiss, Doc. No. 15, "Plf.'s Brief," at 1-2.)

Plaintiff has clearly mis-read Conley which is entirely inapplicable. The employees in Conley were railroad workers who argued that dismissal of their case, brought against their union under the Railroad Labor Act, should not have been dismissed on the

6

basis that the National Railroad Adjustment Board ("NRAB") had jurisdiction over the dispute. Conley, 355 U.S. at 42-44. Thus, Conley does not stand for the proposition that the Labor Management Relations Act governs the litigation between airline employees and their union, the basis of Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), since the LMRA does not figure in Conley on any level and, in fact, is not even mentioned. Second, the issue in Conley was whether the NRAB had exclusive jurisdiction to hear the plaintiffs' claims that their union had discriminated against them on the basis of race. The Supreme Court concluded that the crux of their suit was not a labor dispute between employee and employer but rather a suit to "enforce [the plaintiffs'] statutory right not to be unfairly discriminated against" by their bargaining unit. Id. at 44.[4] Mr. Hammill has not stated any allegations that CWA discriminated against him on the basis of race, age, disability or for any other reason; his claims focus solely on the alleged violation of the collective bargaining agreement by US Airways and on the union's breach of its duty of fair representation in pursuing his grievance against his employer. Thus, a distinction which the Supreme Court found significant in Conley is not

---

[4] The plaintiffs in Conley alleged, in part, that they were discharged by the defendant railroad because of race and that their union refused to protect their jobs as it did those of white employees or to help them with their grievances. The Court pointed out that if those allegations were proven, the union had breached its statutory duty to represent fairly and without hostile discrimination all of the employees in the bargaining unit, thus, the case should not have been dismissed for failure to state a claim. Conley, 355 U.S. at 46.

7

applicable here.

Defendant is correct that disputes between employees of "air carriers" and their employees have been governed by the Railway Labor Act since 1936 when the Act was amended. Circuit City Stores v. Adams, 532 U.S. 105, 121 (2001); *see also* Nachtsheim v. Cont'l Airlines, No. 03-2775, 2004 U.S. App. LEXIS 20612, *4 (3d Cir. 2004) (rejecting claim against plaintiff's union brought under the LMRA because, with a few exceptions, the RLA covers "every common carrier by air engaged in interstate or foreign commerce.") Plaintiff apparently agrees with this point inasmuch as it was exactly the reasoning on which US Airways relied in its motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). In response to that motion, Plaintiff conceded that US Airways should be dismissed because his claim "does not appear to fall within any of the exceptions set forth under the Railway Labor Act, and the cases interpreting the same." (Doc. No. 16.) Logically, Plaintiff would not have explored whether the unnamed exceptions to the RLA were applicable unless he had already arrived at the conclusion that the RLA, not the LMRA, governed his claims against his employer.

Plaintiff appears to believe, then, that although the RLA would govern his dispute with his employer, the LMRA applies to his claims against his union. This is clearly incorrect. "Congress enacted the RLA to promote stability between labor and management . . . and to, among other things, 'provide for the prompt and

orderly settlement of *all disputes growing out of grievances* or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.'" Espinosa, 80 F. Supp.2d at 302, *quoting* 45 U.S.C. § 151a (emphasis added); *see also* Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994) ("Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes.") Numerous courts have applied the RLA in cases where the airline employee has sued his union for breach of its duty of fair representation. *See*, e.g., Bessel v. Allied Pilots Ass'n, 387 F.3d 298, 301 (3d Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005); Martin v. Am. Airlines, Inc., 390 F.3d 601, 604 (8th Cir. 2004); Addington v. US Airline Pilots Ass'n, CA No. 08-1633, 2008 U.S. Dist. LEXIS 95214, *15 (D. Ariz. Nov. 20, 2008); Rachford v. Air Line Pilots Ass'n Int'l, 375 F. Supp.2d 908, 937 (N.D. Cal. 2005); Cooper v. TWA Airlines, LLC, 349 F. Supp.2d 495, 506 (E.D. N.Y. 2004); Nachtsheim, 2004 U.S. App. LEXIS 20612 at *2; and Newsom v. Northwest Airlines Corp., 225 F. Supp. 2d 822, 831 (W.D. Tenn. 2002).

We conclude Defendant is correct in its contention that this Court does not have jurisdiction over Plaintiff's claims under the Labor Relations Management Act; rather the Railroad Labor Act is the applicable federal statute.

9

B.  Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

Defendant further argues that Plaintiff's claims against it must be dismissed because the Complaint fails to "provide enough allegations of fact to suggest the claim being asserted." (Def.'s Brief at 6-7, *citing* Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).) In particular, Plaintiff has failed to provide facts to support his claims that the CWA breached its duty of fair representation either with regard to the decision not to arbitrate his grievance or with respect to the negotiation of the collective bargaining agreement. (Id. at 7-9.) Because Mr. Hammill offers conclusions without support, he has failed to "nudge [his] claims across the line from conceivable to plausible" and his complaint must be dismissed. (Id. at 10, *quoting* Twombly, 127 S.Ct. at 1974.)

We agree. A union governed by the RLA has a duty of fair representation toward the employees it represents. Vaca v. Sipes, 386 U.S. 171, 177 (1967); Marcus v. Dolan, CA No. 08-2181, 2008 U.S. Dist. LEXIS 61397, *4 (D. N.J. Aug. 12, 2008). A union breaches its duty of fair representation only if its actions toward its members are "arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190. The failure to assist a union member in pursuing a grievance against the employer may constitute a breach of the duty of fair representation. Linke v. Ass'n of Flight Attendants, No. 01-7119, 2002 U.S. App. LEXIS 26170, *2-*3 (D.C.

10

Cir. Dec. 16, 2002). However, where the plaintiff fails to identify the underlying arbitrary, discriminatory or bad faith actions on the part of a union which has decided not to pursue his grievance, he has failed to state a claim for the breach. Linke, id. at *3; George v. Northwest Airlines, Inc., 351 F. Supp. 2d 310, 316-318 (E.D. Pa. 2005).

Plaintiff alleges that US Airways recalled him to a regular part-time, regular pay position in 2005, a violation of his seniority rights under the collective bargaining agreement. He further alleges he was told by the CWA that it "could not successfully argue this matter before an arbitrator," that his appeals to the International Vice President and President of the CWA were denied, and that ultimately, the CWA Executive Board rejected his appeal in a letter dated April 16, 2008. (Complaint, ¶¶ 17-25; 29-30.) He also contends that the union violated its duty of fair representation by failing to negotiate a labor contract "which was not arbitrary and had a rational basis;" and that it exceeded its authority under the collective bargaining agreement by negotiating the Letter of Agreement "separate and apart" from the agreement. (Id., ¶¶ 31-33.) At no point in the Complaint does he allege that any of these acts were arbitrary, discriminatory or in bad faith.

In his brief in opposition to the motion to dismiss, Plaintiff merely restates the conclusion that he has adequately pled the

elements of his claims against Defendant, but points to no direct factual allegations nor allegations from which one could infer the material elements of a claim that the union breached its duty of fair representation. *See* Twombly, 127 S. Ct. at 1969, requiring "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." We agree with Defendant that he has failed to satisfy the Twombly criteria for withstanding a motion to dismiss. However, Mr. Hammill also states that if the Court determines that he has not alleged facts sufficient to support his claims, he will seek leave of court to file an amended complaint.

Defendant's Motion to dismiss is granted in its entirety. An appropriate order follows.

February __5__, 2009

*William L. Standish*
William L. Standish
United States District Judge